UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LARRY O'STEEN                                CIVIL ACTION

VERSUS                                       NO: 18-8209

VALERO REFINING-MERAUX, LLC                  SECTION: "H"

## ORDER AND REASONS

Before the Court are Defendant Valero Refining-Meraux, LLC's Motion for Partial Summary Judgment (Doc. 14); Defendant Shawn Trahan's Motion for Summary Judgment (Doc. 32); and Defendants' Motion to Dismiss (Doc. 42). For the following reasons, the Motions are GRANTED.

## BACKGROUND

This matter arises out of injuries that Plaintiff Larry O'Steen alleges he sustained when he suffered a chemical burn while working at Defendant Valero Refining-Meraux, LLC's ("Valero") refinery. At the time of the incident, Plaintiff was an employee of Zachry Industrial, Inc. ("Zachry") at the Valero refinery. In the process of rinsing and draining an inactive vessel, a chemical

1

solution sprayed onto Plaintiff, burning through his personal protective equipment and contacting his skin.

In Plaintiff's Petition for Damages, First Supplemental and Amending Petition for Damages, and Amended Complaint (collectively "Complaint"), he brings claims for negligent and intentional torts against Valero and two of its employees. Plaintiff first alleges that Defendant Kerry Vic failed to properly inspect the vessel prior to issuing a permit allowing Plaintiff to begin cleaning the vessel. He later alleges that Vic did inspect the vessel and issued a permit despite full awareness of the chemicals present there. He also alleges that Shawn Trahan, a nurse employed by Valero who treated Plaintiff's burns, failed to properly treat his injury and advised him not to seek outside treatment. Plaintiff alleges that Valero is vicariously liable for the negligent and intentional acts of Vic and Trahan. Further, Plaintiff alleges that he was retaliated against by Valero for reporting its mishandling of caustic chemicals to the Occupational Safety and Health Administration ("OSHA").

Defendants Valero and Trahan separately moved for summary judgment arguing that Plaintiff's negligence claims are barred by the Louisiana Worker's Compensation Act (LWCA). In addition, Defendants Valero and Trahan moved to dismiss the remaining claims against them, arguing that Plaintiff has failed to plead sufficient facts to support them. This Court will address each motion in turn.

# LEGAL STANDARD

**A. Motion for Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

movant would bear the burden of proof at trial."⁶ "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."⁷ Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."⁸

**B. Motion to Dismiss**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."⁹ A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."¹⁰ A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."¹¹ The court need not, however, accept as true legal conclusions couched as factual allegations.¹² To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.¹³ If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.¹⁴ The court's review is

---

⁶ John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
⁷ Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
⁸ Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
⁹ Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
¹⁰ *Id.*
¹¹ Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
¹² *Iqbal*, 556 U.S. at 678.
¹³ *Id.*
¹⁴ *Lormand*, 565 F.3d at 255–57.

4

limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[15]

## LAW AND ANALYSIS

### A. Valero's Motion for Summary Judgment

The Louisiana Worker's Compensation Act (LWCA) provides employers immunity from tort liability for injuries their employees suffer in the course and scope of employment.[16] When an employer enters into a contract with a "principal" to perform the principal's work, and the principal qualifies as a "statutory employer" under the LWCA, tort immunity extends to the principal.[17]

Louisiana Revised Statutes § 23:1061 establishes the requirements that a principal must meet to qualify as a statutory employer.[18] Although the statute is relatively lengthy, it cannot be properly interpreted without reference to each subsection in the statute. As such, this Court reproduces the entire text of the statute here.

The statute provides:

(1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work

---

[15] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[16] LA. REV. STAT. § 23:1032.
[17] *See id.* § 23:1061; *see also id.* § 23:1032(A)(2) (defining "principal" as used in § 1061).
[18] LA. REV. STAT. § 23:1061.

undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.

(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential

to the ability of the principal to generate that individual principal's goods, products, or services.[19]

The statute, then, clearly provides that a statutory employer relationship "shall not exist" unless one of two situations arise: either (1) "there is a written contract . . . which recognizes the principal as a statutory employer;" or (2) "whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer."[20]

Here, the Multi-Site Work Agreement (the "Contract") between Valero and Zachry falls into the first category and expressly states that:

> [P]erformance of any Work by [Zachry] constitutes their recognition and agreement that a statutory employer relationship as envisioned by La. R.S. 23:1061(A), as amended by Act 315 of 1997, exists between the [Zachry] and Valero. Such statutory employer relationship applies to [Zachry's] direct, borrowed, special or statutory employees. Further, the parties acknowledge that the Work to be performed under this Agreement is an integral part of, or essential to, the ability of Valero to generate its own goods, products or services.[21]

Accordingly, the written Contract between Valero and Zachry recognizes Valero as the statutory employer of Zachry's employees. Pursuant to § 23:1061(A)(3), Valero is therefore entitled to a rebuttable presumption that it is Plaintiff's statutory employer. The burden then shifts to Plaintiff "to rebut this presumption by demonstrating that the work he was performing at the

---

[19] *Id.*
[20] *See id.*
[21] Doc. 1.

time he sustained his injuries was not an integral part of or essential to [Valero's] ability to generate its goods, products, or services."[22]

Plaintiff does not offer any evidence to rebut this presumption, and indeed, does not defend Valero's summary judgment motion on its merits. Rather, Plaintiff offers two procedural objections in an effort to prevent the entry of summary judgment. First, Plaintiff complains that Valero has failed to properly authenticate the Contract upon which its motion relies. The Contract was provided to this Court as an exhibit attached to the Notice of Removal, along with a declaration from the Supply Chain Executive Manager at Valero, John St. Pierre, II, stating that he has reviewed the Contract and its amendments. Plaintiff nitpicks certain statements or omissions made in St. Pierre's declaration, arguing that he fails to establish that he is the custodian of records or that he has personal knowledge of the contents of the Contract.

Federal Rule of Civil Procedure 56(c), however, clearly states that a party may only object to evidence used to support a summary judgment motion if such evidence "cannot be presented in a form that would be admissible in evidence" at trial.[23] Plaintiff offers no reason that the Contract "is not capable of being admitted at an eventual trial."[24] Indeed, Plaintiff offers no reason that the Contract is *not* an authentic representation of the agreement between the parties. Rather, Plaintiff relies only on technical arguments that are inappropriate at the summary judgment stage.

---

[22] Everett v. Rubicon, Inc., 938 So. 2d 1032 (La. App. 1 Cir. 2006).
[23] FED. R. CIV. P. 56.
[24] Maurer v. Indep. Town, 870 F.3d 380, 384 (5th Cir. 2017) (considering unsigned contract at summary judgment stage).

Second, Plaintiff complains that Valero's summary judgment motion is premature and that he should be allowed a chance to conduct discovery. Federal Rule of Civil Procedure 56(d) provides that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer consideration of the motion or allow the nonmovant additional time for discovery. Plaintiff contends that he should be allowed time for discovery to determine whether the Contract and its amendments "are in fact authentic, if they are complete, or if there are any additional contracts or agreements."[25] Plaintiff's request is, however, procedurally improper because he has not submitted an affidavit or declaration as required by Rule 56(d). Accordingly, his request for additional discovery is denied.[26]

Even assuming Plaintiff's request was properly made, however, Plaintiff has failed to show good cause for additional discovery. "Rule 56(d) does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of [value]."[27] The Rule 56(d) movant "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts,

---

[25] Doc. 24.

[26] *See* Scotch v. Letsinger, 593 F. App'x 276, 278 (5th Cir. 2014) ("Rule 56(d) requires the party seeking discovery to submit an affidavit or declaration that specifies why the party cannot present facts essential to justify its opposition to the motion for summary judgment. Because Scotch did not submit either an affidavit or a declaration, the district court did not err in denying Scotch's request."); Leza v. City of Laredo, 496 F. App'x 375, 377 (5th Cir. 2012) ("Rule 56(d) requires a party requesting additional discovery as to facts essential to its opposition of a motion for summary judgment to present an affidavit or declaration.").

[27] McDonald v. Kansas City S. Ry. Co., No. 16-15975, 2017 WL 1709353, at *3 (E.D. La. May 3, 2017) (quoting Duffy v. Wolle, 123 F.3d 1026, 1041 (8th Cir. 1997)).

if adduced, will influence the outcome of the pending summary judgment motion."[28] Plaintiff has not done so.

Because Plaintiff has failed to rebut the presumption that Valero is his statutory employer, Valero is entitled to summary judgment. As Plaintiff's statutory employer, Valero is immune from tort liability, and Plaintiff's negligence claims against Valero are dismissed.

**B. Shawn Trahan's Motion for Summary Judgment**

Defendant Trahan next moves for summary judgment on identical grounds. She alleges that because she is an employee of Valero, Plaintiff's statutory employer, she is likewise entitled to tort immunity.[29] Indeed, the LWCA states that "[t]his exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine."[30] "Thus, it is well-settled that workers' compensation is an employee's exclusive remedy against his fellow worker and that the law extends tort immunity to co-employees."[31] Accordingly, Trahan is entitled to tort immunity under the LWCA, and Plaintiff's negligence claims against Trahan are dismissed.[32]

---

[28] McKay v. Novartis Pharm. Corp., 751 F.3d 694, 700 (5th Cir. 2014).
[29] Plaintiff attempts to argue that Trahan has not shown that she is an employee of Valero. Plaintiff, however, alleged in his Complaint that Trahan was an employee of Valero, and Trahan admitted such in her answer. Accordingly, there is no material issue of fact regarding Trahan's status as an employee of Valero.
[30] LA. REV. STAT. § 23:1032.
[31] Schmit v. Tjitandi, 223 So. 3d 153, 156 (La. App. 1 Cir. 2017).
[32] Plaintiff's Complaint also alleges that Defendant Kerry Vic is an employee of Valero. However, Vic has not moved for any relief from this Court.

**C. Defendants' Motion to Dismiss**

Finally, Valero and Trahan move to dismiss Plaintiffs' other claims against them. Plaintiff's Complaint alleges that Defendants Vic and Trahan are liable for intentional torts and that Valero is vicariously liable for their actions. In addition, Plaintiff brings a retaliation claim under the Louisiana Environmental Whistleblower Act (LEWA) against Valero. Defendants have moved for dismissal of each of these claims, arguing that Plaintiff has failed to allege sufficient facts to support them.

*1. Intentional Torts*

It is well-settled that an employee may pursue a remedy against his statutory employer or co-employees outside of the LWCA where his injury resulted from an intentional act.[33] The Louisiana Supreme Court has held that an act is intentional when "the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result."[34]

Plaintiff alleges that his co-employees, Vic and Trahan, are liable for intentional torts against him. First, he contends that Vic issued a permit for Plaintiff to begin work on the vessel despite full awareness of the danger of the chemical still present in the vessel. Plaintiff alleges that Vic knew with substantial certainty that Plaintiff would be injured by the chemical while

---

[33] *See* LA. REV. STAT. § 23:1032 ("Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive.").

[34] Reeves v. Structural Pres. Sys., 731 So. 2d 208, 211 (La. 1999).

performing his job. This Court agrees with Defendants that these allegations are insufficient to rise to the level of an intentional tort.

The Louisiana Supreme Court has stated that:

> "Substantially certain to follow" requires more than a reasonable probability that an injury will occur and "certain" has been defined to mean "inevitable" or "incapable of failing." [A]n employer's mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the "substantial certainty" requirement. Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing.[35]

Indeed, courts have held that knowingly allowing employees to be exposed to harmful work conditions does not constitute an intentional act.[36] Louisiana courts have also "almost universally held that employers are not liable under the intentional act exception for violations of safety standards or for failing to provide safety equipment."[37] Accordingly, even accepting the allegations of Plaintiff's Complaint as true, he has not plead a claim for an intentional tort

---

[35] *Id.* (internal citations and quotations omitted).

[36] *See* Frank v. Shell Oil Co., 828 F. Supp. 2d 835, 850 (E.D. La. 2011), o*n reconsideration in part,* No. 11-871, 2012 WL 1230736 (E.D. La. Apr. 12, 2012) ("These allegations do not demonstrate Shell was 'substantially certain' Mr. Frank would be diagnosed with ALL Leukemia due to his exposure to benzene and benzene-related substances, but rather indicate that Shell 'knowingly permitt[ed] a hazardous work condition to exist, knowingly order[ed] claimant to perform an extremely dangerous job, or willfully fail[ed] to furnish a safe place to work,' all of which the Louisiana Supreme Court holds is insufficient for an intentional tort."); Dycus v. Martin Marietta Corp., 568 So. 2d 592, 595 (La. App. 4 Cir.) ("Even if Martin Marietta was negligent in allowing Dycus to operate a dangerous piece of equipment, it cannot be concluded that Dycus' injury was substantially certain to follow.").

[37] *Reeves*, 731 So. 2d at 211.

against Defendant Vic. Accordingly, the claims against Valero for vicarious liability for Vic's actions are dismissed.[38]

Next, Plaintiff alleges that Trahan negligently treated his injuries. He then alleges that she intentionally instructed him not to seek additional outside treatment for his injuries to avoid OSHA reporting requirements. He contends that she knew that this instruction would lead to additional injuries and suffering and is therefore liable for her intentional acts. These allegations do not, however, support a finding that Trahan knew that additional injury to Plaintiff was "inevitable" or "incapable of failing." Rather, Trahan's instruction not to seek additional treatment is more appropriately characterized as grossly negligent or reckless. Plaintiff has not sufficiently alleged facts to support an intentional tort claim against Trahan. Accordingly, Plaintiff's intentional tort claims against Trahan and vicarious liability claims against Valero are dismissed.

### 2. *LEWA Retaliation*

Finally, Plaintiff alleges that on May 25, 2018 he reported potential environmental regulation violations by Valero to OSHA. He alleges that shortly thereafter Valero revoked his security clearance to the refinery, thereby effectively terminating his employment. He alleges that this was done in retaliation for his report to OSHA, and he has brought a LEWA retaliation claim against Valero. The LEWA provides that "[n]o firm, business, private or public corporation, partnership, individual employer, or federal, state, or local governmental agency shall act in a retaliatory manner against an employee,

---

[38] Defendant Vic has not moved this Court for relief.

acting in good faith" who discloses to a public body an activity of the employer that the "employee reasonably believes is in violation of an environmental law, rule, or regulation."[39] Defendant Valero moves for dismissal of this claim against it, arguing (1) that Plaintiff is not its employee under the terms of LEWA, and (2) that Plaintiff's Complaint does not allege a specific environmental rule that Valero was allegedly violating.

As to Valero's first argument, the LEWA does not define the term "employee."[40] Where a term is not defined by statute, it "must be given its generally prevailing meaning based on context and common usage."[41] Here, Plaintiff's Complaint expressly states that Plaintiff is an employee of Zachry, not Valero. Accordingly, Plaintiff has not alleged that he is an employee of Valero under the plain terms of the LEWA and cannot succeed on a LEWA retaliation claim against it.

Plaintiff argues that Valero should not be permitted to argue that it is Plaintiff's statutory employer for purposes of the LWCA while simultaneously arguing that it is not Plaintiff's employer for purposes of the LEWA. Plaintiff has not, however, pointed this Court to any law, case, or compelling argument suggesting that the employer–employee relationship under the LEWA should be interpreted using the statutory employer analysis of the LWCA. Such an interpretation would go beyond the plain terms of the LEWA. Accordingly,

---

[39] LA. REV. STAT. § 30:2027.
[40] Collins v. State ex rel. Dep't of Nat. Res., 118 So. 3d 43, 51 (La. App. 1 Cir. 2013); *see* Collins v. State Through Dep't of Nat. Res., 220 So. 3d 92, 98 (La. App. 1 Cir. 2017) (holding that independent contractors were not employees under terms of LEWA).
[41] Turner v. E. Baton Rouge Par. Sch. Bd., 252 So. 3d 990, 994 (La. App. 1 Cir. 2018); LA. CIV. CODE art. 11 ("The words of a law must be given their generally prevailing meaning.").

Plaintiff cannot succeed on its LEWA retaliation claim against Valero, and this Court need not address Valero's other arguments for dismissal.

"[U]nless futile, courts generally allow one chance to amend deficient pleadings before dismissing with prejudice."[42] Here, Plaintiff has already amended his Complaint on two separate occasions. Accordingly, further amendment would be futile.

## CONCLUSION

For the foregoing reasons, the Defendants' Motions for Summary Judgment and Motion to Dismiss are GRANTED, and all claims against Defendants Valero and Trahan are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 10th day of April, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[42] Buc-ee's, Ltd. v. Bucks, Inc., 262 F.Supp.3d 453, 467 (S.D. Tex. 2017).